# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **IRWIN JACOBOWITZ, et al.,** | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. |
| v. | ) | 19-12599-FDS |
| | ) | |
| **DARLING REALTY, INC., et al.,** | ) | |
| Defendants. | ) | |

## ORDER

**SAYLOR, C.J.**

On December 27, 2019, this Court issued a memorandum and order granting plaintiffs' applications to proceed in district court without prepaying fees or costs and advising them that if they wished to pursue this action, they must file an amended complaint. The memorandum and order stated, among other things, that this action is subject to dismissal because the claims arise from the same set of facts as plaintiffs' earlier lawsuit in the Fall River District Court.

Plaintiffs have now filed an amended complaint. Among other things, they argue that they did not receive a full and fair opportunity to litigate their claims in the state court. They allege that the state-court judge "was aware that the case was incorrectly filed in the District Court and the Complaint was for Violations of Massachusetts General Laws chapter 266, § 120D but proceeded with the case issuing a final judgment for the wrong violation, Repossession of Secured Goods (c255 sec. 13J, 255B sec. 20B; 255D sec. 22)." (Am. Compl. at 6). Accompanying the amended complaint are copies of the state-court complaint and the docket sheet for the state-court proceeding. The docket sheet indicates that the state-court judge granted

a motion to dismiss the amended complaint and judgment entered for the defendants. *See Jacobowitz, et al. v. Darling Realty, Inc., et al.*, No. 1731-cv-807 (Fall River District Court Feb. 2, 2018). Plaintiffs filed a post-judgment motion to vacate, which defendants have opposed; it appears that the motion has been pending since 2018. *Id.*

Regardless, a final judgment was entered in state court, and that judgment precludes plaintiffs from relitigating their claims in this proceeding. "Whether expressed as claim preclusion or as a rule against claim splitting, the doctrine presupposes that a claimant has had an opportunity to assert his claims against a given defendant, and has failed to assert those claims or has asserted the claims and had them adjudicated adversely." *Day v. Kerkorian*, 61 Mass. App. Ct. 804, 811, 814 N.E.2d 745, 751 (2004).

To the extent plaintiffs complain of actions taken by the state-court judge and clerk, they have not demonstrated that they did not have an adequate opportunity to litigate their action. Moreover, after final judgment entered, they did not seek appellate review.

Accordingly, after review and consideration of the amended complaint, filed in response to the court's December 27, 2019 memorandum and order, this matter is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. **So Ordered.**

|  |  |
|---|---|
| Dated: February 12, 2020 | /s/ F. Dennis Saylor IV<br>F. Dennis Saylor IV<br>Chief Judge, United States District Court |